IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

ROBERT GARDNER : CIVIL ACTION
v.
SEPTA : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

10/9/2017                              Plaintiff
Date            Attorney-at-law        Attorney for

215-625-0330    215-625-0159    oluesq@aol.com
Telephone       FAX Number      E-Mail Address

(Civ. 660) 10/02

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ROBERT GARDNER

(b) County of Residence of First Listed Plaintiff: Bear, DE
*(EXCEPT IN U.S. PLAINTIFF CASES)*

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Olugbenga O. Abiona
1515 Market Street, Suite 1210
Philadelphia, PA 19102; 215-625-0330

## DEFENDANTS
SEPTA

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | PROPERTY RIGHTS | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | PERSONAL PROPERTY | LABOR | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | SOCIAL SECURITY | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | Habeas Corpus: | ☐ 791 Employee Retirement Income Security Act | FEDERAL TAX SUITS | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | [X] 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | [X] 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | IMMIGRATION | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | Other: | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: ADA

Brief description of cause: Defendant failed to accommodate Plaintiff's disability

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 10/9/2017

SIGNATURE OF ATTORNEY OF RECORD

### FOR OFFICE USE ONLY

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Bear, DE,

Address of Defendant: 1234 Market Street, Phila, PA 19106

Place of Accident, Incident or Transaction: Philadelphia

(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐  No☒

Does this case involve multidistrict litigation possibilities?     Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?     Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?     Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?     Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

### ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, Olugbenga Abiona, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 10/9/2017 _____ 57026
              Attorney-at-Law          Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 10/9/2017 _____ 57026
              Attorney-at-Law          Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

ROBERT GARDNER : CIVIL ACTION No.
    Plaintiff, :
  vs. :
  :
SEPTA :
    Defendant :

## COMPLAINT AND JURY DEMAND

### INTRODUCTION

1. Plaintiff in the above captioned matter, claims a sum in excess of One Hundred Thousand Dollars ($100,000.00) in damages and upon his causes of action, avers as follows:

2. This action for monetary damages and other appropriate relief is brought by Plaintiff to redress violations by Defendant Southeastern Pennsylvania Transportation Authority (hereinafter "SEPTA"), of rights secured to Plaintiff by the laws of the United States of America and the Commonwealth of Pennsylvania.

3. This action arises under the Americans with Disabilities Act, (ADA), and the Pennsylvania Human Relations Act, (PHRA), which prohibit disability discrimination, failure to accommodate employees with disabilities by employers and retaliation because an employee engages in protected activities under these statutes, and is brought by Plaintiff to redress arbitrary, malicious, reckless, improper, unlawful, willful, and deliberate disabilities discrimination and retaliation by SEPTA and his supervisors.

1

## II.     JURISDICTION AND VENUE

4.     The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1331, which provide for the original jurisdiction of Plaintiff's claims arising under the laws of the United States of America. Plaintiff has exhausted his administrative remedies before bringing this action. On August 15, 2017, the United States EEOC issued Plaintiff his right to sue letter, (see attached copy), and it has been over one year since Plaintiff dual filed his administrative complaint under the ADA and PHRA.

5.     The venue of this Court is proper pursuant to the dictates of Title 28 U.S.C. §1391 (c).

## III.    PARTIES

6.     Plaintiff, Robert Gardner is a citizen of the United States, who currently resides in Bear, Delaware.

7.     Defendant, SEPTA, is a municipal agency, with its offices located at 1234 Market Street, Philadelphia, PA 19107.

## IV.    BRIEF STATEMENT OF FACTS

8.     Plaintiff was hired by SEPTA as a Bus Operator.

9.     Plaintiff is a disabled United States Veteran.

10.    Plaintiff was in the United States Army from September of 1999 until November 2001; his last rank was PFC and he was honorably discharged.

11.    Plaintiff was diagnosed by the United States Army with PTSD, major depression, photophobia, and sensitive to light; which was an after-effect of his PTSD medication.

2

12. One of SEPTA's Chief Instructors, Owen Gowens told Plaintiff he could not wear his tinted glasses, which Plaintiff wore because of sensitivity to light.

13. Plaintiff told Mr. Gowens that he wore the glasses because of the disabilities he had with his eyes.

14. Plaintiff also went to SEPTA's Medical Department, provided SEPTA with medical documentation regarding his eye sight disability, and SEPTA's Medical Director granted him the requested accommodation to wear the glasses.

15. However, Mr. Gowens placed a false and negative note in Plaintiff's personnel file regarding Plaintiff's wearing of tinted glasses. Plaintiff discovered this negative note by Mr. Gowens in his personnel file when he got a copy of his file on or about October 13, 2015 from Assistant Director Mr. Ropas.

16. In September 2014, SEPTA's Senior Director Thomas Marcucci, also harassed Plaintiff about wearing his tinted glasses during a hearing. Plaintiff again explained to Mr. Marcucci that he had a medical condition that required he wore tinted glasses because of his sight disability.

17. In March 2015, Mr. Marcucci again harassed Plaintiff about wearing tinted glasses. Plaintiff told Mr. Marcucci that he previously explained to Mr. Marcucci that he wore the tinted glasses for medical reasons. Mr. Marcucci said, he knew, but he was just joking. Plaintiff did not find it funny and this was pervasive harassment of Plaintiff by his supervisors at SEPTA because of his disability.

18. In November 2014, Plaintiff had surgery in his neck around the C4 vertebrae; anterior cervical disectomy and fusion, with titanium plate and screws to hold his cervical spine in place.

19. Before the surgery, Plaintiff was diagnosed with herniated cervical disc in C4-C7, impinging the spinal cord. The discs in his neck were removed and replaced with cardava discs.

3

20. SEPTA was well aware of Plaintiff's medical condition resulting from an August 14, 2014 motor vehicle accident. Following this accident Plaintiff stayed out for about 5 days on medical leave of absence, and then 27 days post surgery.

21. On June 4, 2015, Plaintiff was involved in another accident while operating SEPTA's bus; and aggravated his previous injuries.

22. Plaintiff stayed on duty until July 20, 2015, when he was put on "Injured on Duty" leave (IOD) until August 7, 2015, when he was assigned to light duty work; first he was assigned to clean buses. But, Plaintiff wrote a letter that he was not capable of cleaning buses and provided medically certified physical capacities form, restricting him from frequent repetitive movement of arms and hands. Plaintiff provided this to SEPTA's Vocational Rehabilitation consultant, Jocelyn Jervis on or about August 5, 2015.

23. Plaintiff's light duty assignment was changed to traffic monitor, where he would seat in a booth and monitor vehicles going in and out of employees' parking lot at Frankfort Transportation Center. Plaintiff did this from August 6 to August 11, 2015. These activities took place with SEPTA's Workers' Compensation Unit.

24. All the while, SEPTA's ADA Coordinator ignored Plaintiff's requests for accommodation of his disability to be assigned to vacant trolley operator positions that Plaintiff was qualified for and would have accommodated his disabilities.

25. Plaintiff repeatedly submitted written requests for accommodation to SEPTA since July 23, 2015 for his physical disability resulting from a motor vehicle accident, but SEPTA failed to immediately respond to Plaintiff's requests, and instead subjected him to retaliatory actions.

26. On July 23, 2015, Plaintiff submitted a written disability accommodation request to SEPTA when Plaintiff was having difficulty operating the bus because of repeated frequent

4

arm/hand motion and manipulation that were related to Plaintiff's disability. Plaintiff requested to be transferred to Trolley Operation to accommodate his disability.

27. After not receiving any response from SEPTA to his first request for accommodation, on August 13, 2015, Plaintiff submitted a second request for accommodation to SEPTA because of his disability, and included a medical documentation from his treating physician of the restrictions on "physical capacity form".

28. On September 2, 2015 Plaintiff submitted a written letter to SEPTA's ADA Compliance Coordinator, Jacquelin Hopkins, stating that he had a disability and requested a reasonable accommodation to be assigned to trolley operation which did not have the same repeated frequent arm/hand motion and manipulation that buses do.

29. On September 23, 2015, after not receiving any response from SEPTA to his many requests for accommodation, Plaintiff sent an email to Ms. Hopkins complaining about SEPTA's failure to respond to his repeated requests for accommodation, and again requested that his disability be accommodate with the reasonable request he had made.

30. On September 24, 2015, Plaintiff received an email from Ms. Hopkins, requesting additional medical information.

31. On September 28, 2015, Plaintiff provided SEPTA with additional documentation from his family physician addressing SEPTA's request.

32. On September 30, 2015, Plaintiff provided SEPTA with additional medical note of his disability from his orthopedic surgeon.

33. On September 30, 2015, Plaintiff requested relief runs for his first, second and third picks on his picking choice slip, but Plaintiff's run pick was denied and assigned to an early run

5

despite the fact that Plaintiff had more seniority over bus operators that were assigned to the relief pick SEPTA had picked.

34. On October 1, 2015, Plaintiff dual filed his Charge of Discrimination with the EEOC and PHRC for SEPTA's disability discrimination and failure to accommodate his disability, and for retaliating against him for engaging in protected activities under the applicable statutes.

35. Following SEPTA's receipt of the EEOC's notification that Plaintiff had contacted the Commission to file a disability discrimination charge, SEPTA's Director of EEO, Lorraine McKenzie, SEPTA's Medical Director, Dr. Erinoff, and SEPTA's ADA Associate, Ms. Hopkins, initiated SEPTA's pretext for their earlier inaction and failure to accommodate Plaintiff and SEPTA's failure to engage Plaintiff in a good faith interactive process; for the first time since Plaintiff had been requesting accommodation for his disability in July 2015, SEPTA scheduled a meeting with Plaintiff on October 7, 2015 with Lorraine McKenzie, Jacqueline Hopkins and Dr. Erinoff to discuss his accommodation request.

36. For the first time, Hopkins said SEPTA wanted to get independent medical examination of the Plaintiff and that they would make their decision based on that examination. However, this was an IME scheduled by SEPTA's Workers' Compensation Coordinator, relating to Plaintiff's on-going workers' compensation claim that was pending before a Workers' Compensation Judge.

37. The issues being addressed in Plaintiff's workers' compensation claim were separate from his ADA request for accommodation because of his disability.

38. But Hopkins and SEPTA's Workers' Compensation coordinator had been communicating about plaintiff and exchanging notes.

39. Prior to filing his EEOC charge, SEPTA never engaged Plaintiff in any meeting.

40. This October 7, 2015 meeting was nothing but a cover-up for Plaintiff's failure to accommodate charge filed with the EEOC.

41. SEPTA's W/C panel physician, Dr. Axelrod was contacted by SEPTA and asked to put Plaintiff back on full duty.

42. Dr. Axelrod then arbitrarily put Plaintiff back on full duty as a bus operator.

43. However, Dr. Axelrod had previously recommended to SEPTA that plaintiff should be reassigned to work as a Trolley Operator, and not on the bus on July 28, 2015.

44. Plaintiff went back to work on August 12, 2015 in compliance with SEPTA's direct order and, he had a reoccurrence of his injuries and couldn't operate the bus, and was told to go back and see Dr. Axelrod. Who now arbitrarily insisted that Plaintiff should work full duty as a bus operator.

45. On August 14, 2015, Plaintiff had a reoccurrence, and was sent to see another SEPTA panel physician, Dr. Francine Katz, who took Plaintiff off full duty, saying Plaintiff was not safe to drive a bus.

46. On August 26, 2015, SEPTA arbitrarily denied Plaintiff's request to be disqualified as a bus operator because of his disability.

47. SEPTA failed to engage Plaintiff in a good faith interactive process to accommodate Plaintiff's disability.

48. Plaintiff also gave SEPTA the SEPTA job analysis descriptions for Bus Operator and Trolley Operator which confirmed that because of his disabilities Plaintiff could not operate a bus, but was capable of operating a Trolley. Plaintiff gave these documents to Jacquelie Hopkins on September 2, 2015.

7

49. As a result of Dr. Katz's recommendation Plaintiff was taken off full duty and assigned to another monitoring traffic at 2nd & Wyoming. This was from on or about September 8 or 14, 2015 until September 22, 2015 when Plaintiff was again placed back on full-duty by SEPTA as a bus operator.

50. On October 1, 2015, at about 2:35 pm, Plaintiff was placed **on unpaid sick leave** by Thomas Ropars, Assistant Director of Southern District. Plaintiff told Mr. Ropars that he was disabled and not sick. But Ropars said, "No, you are going into the sick book, and you cannot return to work until you are cleared by SEPTA medical".

51. In addition, Plaintiff has a prosthetic device surgically implanted within his neck. Plaintiff's doctor did not change his opinion regarding Plaintiff's physical capacities that Plaintiff should be restricted from frequent repetitive arm/ hand motion and frequent gross manipulation; but, that Plaintiff could perform them occasionally.

52. SEPTA kept Plaintiff in a forced unpaid sick leave from October 1, 2015 until December 3, 2015, when he was returned by SEPTA to full duty as a Bus Operator, in spite of his disability.

53. SEPTA continued to fail to accommodate Plaintiff's disability and to assign Plaintiff to vacant Trolley Operator positions **which SEPTA was assigning to new and less senior Bus Operators in violation of Union Rules**.

54. Yet, Plaintiff provided SEPTA with additional medical records affirming Plaintiff's disabilities and inability to perform the essential functions of Bus Operator, but capable of performing the essential functions of a Trolley Operator; positions that were vacant.

55. Plaintiff is a disabled person as defined by the ADAAA and PHRA and was capable of performing the essential functions of his position with reasonable accommodation from SEPTA.

8

56. SEPTA failed to provide Plaintiff with reasonable accommodation for his disability, failed to engage Plaintiff in a good faith interactive process as required under the statute in order to address Plaintiff's needs for accommodation, but subjected Plaintiff to harassment because of his disability, and when Plaintiff complained about his rights been violated and his requests for disability accommodation being ignored by SEPTA, SEPTA retaliated against Plaintiff by subjecting Plaintiff to forced unpaid sick leave.

## V. STATEMENT OF CLAIMS

### COUNT ONE – ADA VIOLATION – Disability Discrimination

57. Plaintiff incorporates by reference all allegations alleged in paragraphs 1 through 56 as if the same were fully set forth at length herein.

58. The acts and conduct of the Defendant SEPTA, through its officers, managers, directors, supervisors, employees and agents as stated above where Defendant discriminated against Plaintiff because of his disabilities, and failed to accommodate Plaintiff's disabilities were violations of Plaintiff's rights under the Americans with Disabilities Act.

59. As a direct result of the said discriminatory practices of the Defendant, Plaintiff sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, loss of front pay, interest due therein as well as mental anguish, emotional distress, humiliation, and damages to reputation.

### COUNT TWO – PHRA VIOLATION – Disability Discrimination

60. Plaintiff incorporates by reference all allegations alleged in paragraphs one 1 through 59 as if the same were fully set forth at length herein.

9

61. The acts and conduct of the Defendant as stated above where Defendant discriminated against Plaintiff because of his disabilities, and failed to accommodate Plaintiff's disabilities were violations of Plaintiff's rights under the Pennsylvania Human Relations Act.

62. As a direct result of the said discriminatory practices of the Defendant, Plaintiff sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, loss of front pay, interest due therein as well as mental anguish, emotional distress, humiliation, and damages to reputation.

### COUNT THREE – ADA VIOLATION –Retaliation

63. Plaintiff incorporates by reference all allegations alleged in paragraphs 1 through 62 as if the same were fully set forth at length herein.

64. The acts and conduct of the Defendant SEPTA, through its officers, managers, directors, supervisors, employees and agents as stated above where Defendant subjected Plaintiff to retaliatory actions because he complained of violation of his rights under the ADA were violations of Plaintiff's rights under the Americans with Disabilities Act.

65. As a direct result of the said retaliatory practices of the Defendant, Plaintiff sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, loss of front pay, interest due therein as well as mental anguish, emotional distress, humiliation, and damages to reputation.

## COUNT FOUR- PHRA VIOLATION – Retaliation

66. Plaintiff incorporates by reference all allegations alleged in paragraphs 1 through 65 as if the same were fully set forth at length herein.

67. The acts and conduct of the Defendant as stated above where Defendant subjected Plaintiff to retaliatory adverse actions because he opposed and complained about disability discrimination and Defendant's failure to accommodate his disability were violations of Plaintiff's rights under the Pennsylvania Human Relations Act.

68. As a direct result of the said retaliatory practices of the Defendant, Plaintiff sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, loss of front pay, interest due therein as well as mental anguish, emotional distress, humiliation, and damages to reputation.

### VI.     PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully demands judgment against Defendant, and request that this Honorable Court:

A.     Enter judgment against the Defendant for back pay, front pay, loss income, loss benefits, pre and post judgment interests, costs of suit, compensatory damages, attorneys' fees and expert witness fees as permitted by law; and

B.     Award such other relief as the Court may deem necessary and just, including but not limited to an order to make whole.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all questions of fact raised by this complaint.

_____
Olugbenga O. Abiona
ABIONA LAW, PLLC
1515 Market Street
Suite 1210
Philadelphia, PA 19102
(215) 625-0330
Attorney ID # 57026
Attorney for Plaintiff

Dated: October 9, 2017